IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK EDWIN HARDESTY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-2065-G |
| | § | |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Mark Edwin Hardesty, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be summarily denied.

I.

In 1994, petitioner was convicted of possession of a controlled substance and sentenced to 25 years confinement. No appeal was taken at that time. In fact, petitioner did not challenge his conviction or sentence until February 2010, when he filed an application for state post-conviction relief. That application was denied on June 2, 2010. A second state writ was denied on August 17, 2010, and a petition for writ of mandamus was denied on September 15, 2010. (*See* Hab. Pet. at 7(a)-(b)). Petitioner filed his federal writ of habeas corpus, together with an application to proceed *in forma pauperis*, on October 7, 2010. As grounds for relief, petitioner contends that the state habeas court violated his constitutional rights by refusing to appoint a lawyer to represent him, by

denying him access to certain records, and by failing to conduct a hearing so he could adequately develop his claims for appellate review.

II.

The court first considers petitioner's application to proceed *in forma pauperis*. The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 109 S.Ct. 364 (1988). The amount of money available to an inmate in his prison trust account or from other sources should be considered. *See id.*; *Braden v. Estelle*, 428 F.Supp. 595, 601 (S.D. Tex. 1977).

Petitioner has submitted a certified copy of his inmate trust account statement which shows that he currently has $229.54 on deposit with prison officials. Over the past six months, $1,110.00 has been deposited into his inmate trust account. The filing fee for a habeas petition is $5.00. 28 U.S.C. § 1914(a). The court concludes that petitioner is able to pay this fee without causing undue financial hardship. *See also* MISC. ORDER 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account or other resources exceed $50.00).

III.

The court further determines that petitioner is not entitled to federal habeas relief. The Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a

proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). Because petitioner challenges only rulings made by the state habeas court, federal habeas relief is not proper.[1]

## RECOMMENDATION

Petitioner's application to proceed *in forma pauperis* should be denied. If petitioner fails to pay the statutory filing fee within 20 days, this case should be dismissed without further notice. Alternatively, if petitioner pays the statutory filing fee, his application for writ of habeas corpus should be summarily denied on the merits.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] To the extent petitioner seeks federal habeas relief with respect to his 1994 conviction, his claims are likely barred by the AEDPA statute of limitations. *See* 28 U.S.C. § 2244(d)(1) (establishing one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254).

DATED: October 15, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE